COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Mario Isabel Ventura Lopez v. The State of Texas

Appellate case number:    01-22-00047-CR

Trial court case number:  1659799

Trial court:              337th District Court of Harris County

The complete record was filed in this appeal on May 13, 2022.  Appellant's brief, therefore, was originally due on June 13, 2022.  *See* TEX. R. APP. P. 38.6(a).  Appellant's appointed counsel, Nicole Deborde Hochglaube, has not filed a brief on appellant's behalf. On June 28, 2022, the Clerk of this Court notified appellant that the time for filing his brief had expired and, unless the Court received a motion for an extension of time, with appellant's brief, or a motion for an extension of time to file appellant's brief by July 8, 2022, the Court would be required to order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8.  *See* TEX. R. APP. P. 38.8(b)(2), (3); *see also* TEX. R. APP. P. 10.5(b).  Appellant has not filed a brief or otherwise responded to the Clerk's notice.

Accordingly, we abate the appeal and remand for the trial court to conduct a hearing, within twenty days of the date of this order, at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Nicole Deborde Hochglaube, shall be present.  TEX. R. APP. P. 38.8(b)(2).  Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)     determine whether appellant wishes to prosecute the appeal;

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

(2)     if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Nicole Deborde Hochglaube of her duties as appellant's counsel;

(3)     if good cause exists, enter a written order relieving Nicole Deborde Hochglaube of her duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;

(4)     if good cause does not exist, set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than thirty days from the date of the hearing;

(5)     make any other findings and recommendations the trial court deems appropriate; and

(6)     enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within thirty days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations, along with any orders, with this Court within thirty days of the date of this order.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: ____/s/ Amparo Guerra_____
                    ☑ Acting individually    ☐ Acting for the Court

Date:  __February 7, 2023___